U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 29 2015
1:52pm
CLERK, U.S. DISTRICT COURT
By ____
Deputy

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

**ERIC DRAKE** **CASE No.** 7:15-CV-141-O

*Plaintiff*

**VS**

**C. O'Connor, Michael O'Neill, Jacques L. Wiener, Jr., Rhesa H. Barksdale, Emilio M. Garza, William Ken Tapscott Jr., Fortunato P. Benavides, James L. Dennis, Blake Hawthorne et al**

*Defendants*

**ORIGINAL COMPLAINT AND
REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF
AND APPLICATION FOR A TEMPORARY AND PERMANENT INJUNCTIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES, ERIC DRAKE, hereinafter at times referred to as "Plaintiff," complaining of Defendants Renee H. Toliver in her individual and official capacity, E. Scott Frost in his individual and official capacity, William Ken Tapscott Jr., in his individual and official capacity, Zack Hawthorn in his individual and official capacity, David Evans in his individual and official capacity, David B. Lewis in his individual and official capacity, Ada Brown in her individual and official capacity, Craig T. Stoddart in his individual and official capacity, Melissa Goodwin in his individual and official capacity, Bill Whitehill in his individual and official capacity, David J. Schenck in his individual and official capacity, Melissa Goodman in his individual and official capacity, Scott K. Field in his individual and official capacity, Emily G. Tobolowsky in her individual and official capacity, Mark Greenberg in his individual and official capacity, Melvin Kent Sims in his individual and official capacity, D'Metria Benson in her individual and official capacity, Carl E. Stewart in his individual and official capacity, Thomas M. Reavley in his individual and official capacity, Carolyn Dineen King in her individual and official capacity, E. Grady Jolly in his individual and official capacity, Patrick E. Higginbotham in his individual and official capacity, W. Eugene Davis in his individual and official capacity, Edith H. Jones in his individual and official capacity, Jerry E. Smith in his individual and official capacity, John M. Duhé, Jr. in his individual and official capacity, Jacques L. Wiener, Jr. in his individual and official capacity, Don

D. Bush in his individual and official capacity, Caroline M. Craven in his individual and official capacity, Keith F. Giblin in his individual and official capacity, Sidney A. Fitzwater in his individual and official capacity, John D. Love in his individual and official capacity, Amos L. Mazzant in his individual and official capacity, K. Nicole Mitchell in his individual and official capacity, Roy Payne in his individual and official capacity, Martin Hoffman in his individual and official capacity, Eric Moye' in his individual and official capacity, Carl Ginsberg in his individual and official capacity, Dale Tillery in his individual and official capacity, Gena Slaughter in his individual and official capacity, Martin Lowy in his individual and official capacity, Jim Jordan in his individual and official capacity, Craig Smith in his individual and official capacity, Tonya Parker in his individual and official capacity, Nathan L. Hecht in his individual and official capacity, Robert W. Schroeder III in his individual and official capacity, Paul Green in his individual and official capacity, Phil Johnson in his individual and official capacity, Don R. Willett in his individual and official capacity, Eva Guzman in her individual and official capacity, Debra Lehrmann in her individual and official capacity, Jeffrey S. Boyd in his individual and official capacity, John P. Devine in his individual and official capacity, Jeff Brown in his individual and official capacity, Sam Sparks in his individual and official capacity, Lee Yeakel in his individual and official capacity, Robert L. Pitman in his individual and official capacity, Harry Lee Hudspeth in his individual and official capacity, James R. Nowlin in his individual and official capacity, Andrew W. Austin in his individual and official capacity, Christine A. Nowak in his individual and official capacity, Mark Lane in his individual and official capacity, Walter S. Smith, Jr. in his individual and official capacity, Jeffrey C. Manske in his individual and official

capacity, Alia M. Ludlum in his individual and official capacity, Philip R. Martinez in his individual and official capacity, Stuart Platt in his individual and official capacity, John W. Primomo in his individual and official capacity, Micaela Alvarez in his individual and official capacity, Melinda Harmon in his individual and official capacity, Vanessa Gilmore in his individual and official capacity, Ricardo H. Hinojosa in his individual and official capacity, Kenneth M. Hoyt in his individual and official capacity, Lynn N. Hughes in his individual and official capacity, Janis Graham Jack in his individual and official capacity, Sim Lake in his individual and official capacity, Nelva G. Ramos in his individual and official capacity, Diana Saldana in his individual and official capacity, Hilda G. Tagle in his individual and official capacity, Ewing Werlein, Jr. in his individual and official capacity, Guilermo R. Garcia in his individual and official capacity, J, Scott Hacker in his individual and official capacity, Nancy K. Johnson in her individual and official capacity, Jason B. Libby in his individual and official capacity, Mary Milloy in her individual and official capacity, Philip R. Lane in his individual and official capacity, Irma C. Ramirez in her individual and official capacity, William F. Sanderson, Jr. in his individual and official capacity, Reed Charles O'Connor in his individual and official capacity, Robert K. Roach in his individual and official capacity, Jeff Rose in his individual and official capacity, David Puryear, Bob Pemberton, Cindy O. Bourland, Carolyn I. Wright, David L. Bridges, Molly Francis in his individual and official capacity, Douglas S. Lang in his individual and official capacity, Elizabeth Lang-Miers in her individual and official capacity, Robert M. Fillmore in his individual and official capacity, Lana Myers in his individual and official capacity, Sam R. Cummings in his

individual and official capacity, John H. McBryde in his individual and official capacity, Jorge Solis in his individual and official capacity, Sam A. Lindsay in his individual and official capacity, Barbara M. G. Lynn in her individual and official capacity, David C. Godbey, Ed Kinkeade in his individual and official capacity, Jane Boyle in her individual and official capacity, Reed O'Connor, A. Joe Fish in his individual and official capacity, Terry R. Means in his individual and official capacity, Robert B. Maloney in his individual and official capacity, Paul D. Stickney in his individual and official capacity, Nancy M. Koenig in her individual and official capacity, C. Ramirez in his individual and official capacity, Jeffrey L. Cureton in his individual and official capacity, , David L. Horan in his individual and official capacity, Leonard Davis in his individual and official capacity, Ron Clark in his individual and official capacity, Marcia A. Crone in her individual and official capacity, Rodney Gilstrap in his individual and official capacity, Thad Heartfield in his individual and official capacity, Richard Schell in his individual and official capacity, Michael H. Schneider in his individual and official capacity, Rhesa H. Barksdale in his individual and official capacity, Emilio M. Garza in his individual and official capacity, Fortunato P. Benavides in his individual and official capacity, James L. Dennis in his individual and official capacity, Edith Brown Clement in his individual and official capacity, Edward C. Prado in his individual and official capacity, Priscilla R. Owen in his individual and official capacity, Jennifer Walker Elrod in his individual and official capacity, Leslie H. Southwick in his individual and official capacity, Catharina Haynes in his individual and official capacity, James E. Graves in his individual and official capacity, Jr., Stephen A. Higginson in his individual and official

capacity, and Gregg J. Costa in his individual and official capacity. Plaintiff seeks declaratory and injunctive relief.

## I.
## JURISDICTION

Plaintiff invokes this Court's jurisdiction of this action also under 42 U.S.C. §1981, §1983, and 1985. Plaintiff invokes this Court's jurisdiction of this action also under 42 U.S.C. §1981, §1983, §1985; and 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and1343, which confer original jurisdiction upon this Court in a civil action to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights, including the right to "sue" "file litigation" or "lawsuits" pursuant to § 1981 and under the Declaratory Judgment Statute, 28 U.S.C. § 2201. Plaintiff invokes the Court's jurisdiction of this action under the Civil Rights Act of 1991, 1928 USC § 1343, 18 U.S.C. 1961—1968. Title 42 U.S. Code § 1983, Plaintiff claims federal jurisdiction pursuant to Article III § 2, which extends the jurisdiction to cases arising under the U.S. Constitution.

## II.
## PARTIES

1. Plaintiff, Eric Drake, is a natural person who resides in the state of Texas.

2. Defendant Nathan L. Hecht is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 201 West 14th Street, Room 104, Austin, Texas 78701.

3. Defendant William Ken Tapscott Jr. can be served with summons at: 600 Commerce Street, 5th Floor, Dallas, Texas 75202.

4. Defendant Blake Hawthorne is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 201 West 14th Street, Room 104, Austin, Texas 78701.

5. Defendant Sidney A. Fitzwater is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

6. Defendant Sam R. Cummings is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1205 Texas Avenue, Room 209, Lubbock, Texas 79401.

7. Defendant Jorge A. Solis, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 341 Pine Street, Room 2008, Abilene, Texas 79601.

8. Defendant Robert Maloney, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

9. Defendant David L. Horan is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

10. Defendant Sidney A. Fitzwater, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

11. Defendant Sam A. Lindsay, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

12. Defendant Barbara M.G. Lynn, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

13. Defendant David C. Godbey, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

14. Defendant Jane Boyle, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

15. Defendant Jeff Brown, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 201 West 14th Street, Room 104, Austin, Texas 78701.

16. Defendant A. Joe Fish, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

17. Defendant Emily G. Tobolowsky, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

18. Defendant Terry R. Means, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 501 west 10th Street, Fort worth, Texas 76102.

19. Defendant john P. Devine, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 201 West 14th Street, Room 104, Austin, Texas 78701.

20. Defendant Jeffrey K. Cureton, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 501 west 10th Street, Fort worth, Texas 76102.

21. Defendant Tonya Parker, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

22. Defendant Philip Lane, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

23. Defendant Irma C. Ramirez, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

24. Defendant John H. McBryde, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 501 west 10th Street, Fort worth, Texas 76102.

25. Defendant William F. Sanderson Jr., is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

26. Defendant Renee H. Toliver, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

27. Defendant Caroline M. Craven, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 500 North State Line Avenue, Texarkana, Texas 75501.

28. Defendant Gena Slaughter, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 Commerce Street, Dallas, Texas 75242.

29. Defendant Carl Ginsberg, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 Commerce Street, Dallas, Texas 75242.

30. Defendant Eric V. Moye and Martin Hoffman resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 Commerce Street, Dallas, Texas 75242.

31. Defendant Don Bush and Richard Schell resides in the state of Texas and may be served with summons by serving him at his place of employment: 101 East Pecan Street, Sherman, Texas 75090.

32. Defendant Ada Brown, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 Commerce Street, Dallas, Texas 75242.

33. Defendant Carolyn Wright, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 Commerce Street, Dallas, Texas 75242.

34. Defendant Molly Frances, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 Commerce Street, Dallas, Texas 75242.

35. Defendant Mark Greenberg, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 Commerce Street, Dallas, Texas 75242.

36. Defendant David Evans, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 Commerce Street, Dallas, Texas 75242.

37. Defendant Melvin Ken Sims, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 Commerce Street, Dallas, Texas 75242.

38. Defendant D'Metria Benson, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 Commerce Street, Dallas, Texas 75242.

39. Defendant Roy Payne, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 100 East Houston Street, Marshall, Texas 75670.

40. Defendant Marcia A. Crone, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 300 Willow Street, Beaumont, Texas 77701.

41. Defendant Craig Smith, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 Commerce Street, Dallas, Texas 75242.

42. Defendant Jim Jordan, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 Commerce Street, Dallas, Texas 75242.

43. Defendant Gregg J. Costa, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 S. Maestri Place, New Orleans, LA 70130.

44. Defendant Stephen A. Higginson, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 S. Maestri Place, New Orleans, LA 70130.

45. Defendant James E. Graves, Jr.is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 S. Maestri Place, New Orleans, LA 70130.

46. Defendant Catharina Haynes, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 S. Maestri Place, New Orleans, LA 70130.

47. Defendant Leslie H. Southwick, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 S. Maestri Place, New Orleans, LA 70130.

48. Defendant Jennifer Walker Elrod, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 S. Maestri Place, New Orleans, LA 70130.

49. Defendant Priscilla R. Owen, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 S. Maestri Place, New Orleans, LA 70130.

50. Defendant Edward C. Prado, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 S. Maestri Place, New Orleans, LA 70130.

51. Defendant Edith Brown Clement, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 S. Maestri Place, New Orleans, LA 70130.

52. Defendant James L. Dennis, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 S. Maestri Place, New Orleans, LA 70130.

53. Defendant Fortunato P. Benavides, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 S. Maestri Place, New Orleans, LA 70130.

54. Defendant Emilio M. Garza, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 S. Maestri Place, New Orleans, LA 70130.

55. Defendant Rhesa H. Barksdale, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 S. Maestri Place, New Orleans, LA 70130.

56. Defendant Jacques L. Wiener, Jr., is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 S. Maestri Place, New Orleans, LA 70130.

57. Defendant John M. Duhé, Jr., is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 S. Maestri Place, New Orleans, LA 70130.

58. Defendant Jerry E. Smith, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 S. Maestri Place, New Orleans, LA 70130.

59. Defendant Edith H. Jones, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 S. Maestri Place, New Orleans, LA 70130.

60. Defendant W. Eugene Davis, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 S. Maestri Place, New Orleans, LA 70130.

61. Defendant Patrick E. Higginbotham, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 S. Maestri Place, New Orleans, LA 70130.

62. Defendant E. Grady Jolly, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 S. Maestri Place, New Orleans, LA 70130.

63. Defendant Carolyn Dineen King, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 S. Maestri Place, New Orleans, LA 70130.

64. Defendant Thomas M. Reavley, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 S. Maestri Place, New Orleans, LA 70130

65. Defendant Carl E. Stewart, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 S. Maestri Place, New Orleans, LA 70130

66. Defendant Scott K. Field, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

67. Defendant Melissa Goodman, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

68. Defendant David J. Schenck, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 Commerce Street, Dallas, Texas 75242.

69. Defendant Bill Whitehill, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 Commerce Street, Dallas, Texas 75242.

70. Defendant Craig T. Stoddart, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 Commerce Street, Dallas, Texas 75242.

71. Defendant David B. Lewis, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 Commerce Street, Dallas, Texas 75242.

72. Defendant David Evans, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 Commerce Street, Dallas, Texas 75242.

73. Defendant Lana Myers, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 Commerce Street, Dallas, Texas 75242.

74. Defendant Robert M. Fillmore, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 Commerce Street, Dallas, Texas 75242.

75. Defendant Elizabeth Lang-Miers, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 Commerce Street, Dallas, Texas 75242.

76. Defendant Douglas S. Lang, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 Commerce Street, Dallas, Texas 75242.

77. Defendant David L. Bridges, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

78. Defendant Cindy O. Bourland, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 209 west 14th Street, Room 101, Austin, Texas 78701.

79. Defendant Bob Pemberton, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 209 west 14th Street, Room 101, Austin, Texas 78701.

80. Defendant David Puryear, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 209 west 14th Street, Room 101, Austin, Texas 78701.

81. Defendant Jeff Rose, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 209 west 14th Street, Room 101, Austin, Texas 78701.

82. Defendant Robert K. Roach, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1000 Lamar Street, Room 203, Wichita Falls, Texas 76301.

83. Defendant Reed Charles O'Connor, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 501 west 10th Street, Fort worth, Texas 76102.

84. Defendant Irma C. Ramirez, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

85. Defendant Mary Milloy, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

86. Defendant Jason B. Libby, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

87. Defendant Guilermo R. Garcia, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

88. Defendant Ewing Werlein, Jr., is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

89. Defendant Hilda G. Tagle, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

90. Defendant Diana Saldana, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242

91. Defendant Nelva G. Ramos, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

92. Defendant Sim Lake, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

93. Defendant Janis Graham Jack, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

94. Defendant Lynn N. Hughes, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

95. Defendant Kenneth M. Hoyt, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

96. Defendant Ricardo H. Hinojosa, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

97. Defendant Vanessa Gilmore, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

98. Defendant Melinda Harmon, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

99. Defendant Micaela Alvarez, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

100. Defendant John W. Primomo, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

101. Defendant Stuart Platt, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

102. Defendant Philip R. Martinez, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

103. Defendant Alia M. Ludlum, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

104. Defendant Jeffrey C. Manske, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

105. Defendant Walter S. Smith, Jr., is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

106. Defendant Mark Lane, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

107. Defendant Mark Lane, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

108. Defendant Christine A. Nowak, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 101 East Pecan Street, Room 216, Sherman, Texas 75090.

109. Defendant Andrew W. Austin, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

110. Defendant James R. Nowlin, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

111. Defendant Harry Lee Hudspeth, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

112. Defendant Robert L. Pitman, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

113. Defendant Lee Yeakel, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

114. Defendant Sam Sparks, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

115. Defendant Jeff Brown, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

116. Defendant Jeffrey S. Boyd, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 201 West 14th Street, Room 104, Austin, Texas 78701.

117. Defendant Debra Lehrmann, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 201 West 14th Street, Room 104, Austin, Texas 78701.

118. Defendant Eva Guzman, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 201 West 14th Street, Room 104, Austin, Texas 78701.

119. Defendant Don R. Willett, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 201 West 14th Street, Room 104, Austin, Texas 78701.

120. Defendant Phil Johnson, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 201 West 14th Street, Room 104, Austin, Texas 78701.

121. Defendant Paul Green, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 201 West 14th Street, Room 104, Austin, Texas 78701.

122. Defendant Robert W. Schroeder III, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 100 East Houston Street, Room 125, Marshall, Texas 75670.

123. Defendant Martin Lowy, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

124. Defendant Dale Tillery, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

125. Defendant Martin Hoffman, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

126. Defendant K. Nicole Mitchell, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 211 West Ferguson Street, Room 106, Tyler, Texas 75702.

127. Defendant Amos L. Mazzant, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 101 East Pecan Street, Room 216, Sherman, Texas 75090.

128. Defendant John D. Love, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 211 West Ferguson Street, Room 106, Tyler, Texas 75702.

129. Defendant Zack Hawthorn, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: United States Courthouse, 300 Willow Street, Suite 104, Beaumont, Texas 77701.

130. Defendant Keith F. Giblin, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: United States Courthouse, 300 Willow Street, Suite 104, Beaumont, Texas 77701.

131. Defendant Michael H. Schneider, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 104 North Third Street, Lufkin, Texas 75901.

132. Defendant Michael O'Neill, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 600 Commerce Street, Dallas, Texas 75202.

133. Defendant Thad Heartfield, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: United States Courthouse, 300 Willow Street, Suite 104, Beaumont, Texas 77701

134. Defendant Phil Johnson, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

135. Defendant Rodney Gilstrap, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 100 East Houston Street, Room 125, Marshall, Texas 75670.

136. Defendant Ron Clark, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: United States Courthouse, 300 Willow Street, Suite 104, Beaumont, Texas 77701.

137. Defendant Ron Clark, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

138. Defendant Leonard Davis, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

139. Defendant David L. Horan, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

140. Defendant E. Scott Frost, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 341 Pine Street, Room 2008, Abilene, Texas 79601.

141. Defendant C. Ramirez, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

142. Defendant Nancy M. Koenig, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1205 Texas Avenue, Room 209, Lubbock, Texas 79401.

143. Defendant Paul D. Stickney, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

144. Defendant Robert B. Maloney, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

145. Defendant Reed O'Connor, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1000 Lamar Street, Room 203, Wichita Falls, Texas 76301.

146. Defendant Ed Kinkeade, is a person who resides in the state of Texas and may be served with summons by serving him at his place of employment: 1100 Commerce Street, Dallas, Texas 75242.

## III.
## NATURE OF THE ACTION

147. This action is brought for injunctive and declaratory relief of the above judge defendants who have either abused their authority, positions, or who potentially would rule in favor of any opposing party just because the Plaintiff is the "plaintiff" in the litigation, because he is not white and acting on his own behalf.

148. Some of the judges named herein have abused their authority, conspired with defendants or issued rulings that were damaging to the Plaintiff purposely on account of his race. Thus, this is also an action for race discrimination, unfair judicial practices, violations of due process, abuse of process, and negligence due to civil cases filed by the Plaintiff and for all other damages as pled herein—but the Plaintiff seeks no money damages from any of the defendants—its just that many of the defendants have abused their authority and are racially motivated towards the Plaintiff.

149. The goal in this suit is to prohibit these judges from ever presiding over, or hearing any of the Plaintiffs cases for any reasons whatsoever. Since, the vast number of these federal judges refer to the Plaintiffs litigation history and claims as being frivolous, the Plaintiff will attack this unfounded and unproven concept or allegation by asking for a "evidentiary hearing" where the Plaintiff will examine each and every one of the cases that he has filed, and call many of the judges to testify regarding the litigation. The Plaintiff will disprove the notion that his litigation history is vexatious.

150. Though judges have immunity, that immunity does not prevent a party from seeking injunctive and declaratory relief against a judge who have conspired with the defendants counsel against the Plaintiff, or who have committed crimes themselves to assist covering up a crime or judges who have used their positions to make ruling against the

Plaintiff without legal cause. The Plaintiff has become a target of many of the above judges. In particularly, the Plaintiff has been a target to judges in Dallas County by state and federal judges. Plaintiff will show that the litigation that he has filed in the Northern District of Texas, Dallas County and Tarrant County is repeatedly scrutinized and that the Plaintiff can file the exact same pleadings in another County, or District Court within Texas and or state or federal court and that miraculously the pleadings that were rejected by the Northern District of Texas (Dallas Division) and the (entire Eastern District of Texas) are accepted, which includes Plaintiff IFP without a problem.

151. And as an example, most recently the same litigation that the Northern District of Texas (Dallas Division) rejected, included the Plaintiff IFP, were accepted in another Division and the Plaintiff the case against some of the largest corporations in America. This is proof of extreme bias and prejudice toward the Plaintiff and that he is a target in the Northern District of Texas generally, the Western District (Waco Division), the entire Eastern District of Texas and Dallas County state court as a whole. And the Plaintiff is a target that many of the judges named herein are willing to bend rules, cover-up crimes, and out-right-lie to declare him as a vexatious litigate, criticize his pleadings to hinder his litigation, or to dismiss his cases wrongfully on the account of his race, and the fact that although he is a pro-se litigate, the Plaintiff in many cases is smarter than licensed attorneys––and white judges hate this about the Plaintiff and wishes to silence him and harm his cases, even if it means conspiring with defense attorneys or obstructing justice—because there is no one to stop them or punish them. In many ways, the Plaintiff is asking for this Court to do

what the judges has done, prohibit the judges named herein from presiding over Plaintiffs cases. This will be done by allowing the Plaintiff to file any state or federal cases outside of the jurisdiction if the "jurisdiction" is in Dallas County or Northern District of Texas or the Eastern District of Texas. As a citizen of the United States the Plaintiff has a right to have access to the courts without being obstructed by hateful, racist, and unChristian like judges.

152. This is an action also for discrimination, abuse of process, violation of federal statutes, Plaintiffs constitutional rights, and negligence due to the fact that the Plaintiff is constantly being conspired against by judges who violate due process or who use a process wrongfully to harm the Plaintiff. And as a direct and proximate result of the Defendants wrongful actions upon the Plaintiff, he has been injured.

153. Many of the judges named herein have exhibited racial and unfair tactics against the Plaintiff by prohibiting the Plaintiff from having excess to the courts which is a violation of the Plaintiffs constitutional and civil rights and 42 USC §1981. As a nonwhite litigator in the state of Texas, the confederate racially charged mentalities run rampant in Texas to create hatred toward the Plaintiffs cases or to rule in favor of the defendants.

154. Plaintiff therefore seeks injunctive and declaratory relief against all of the above judge defendants and also pursuant to §1985, §1983 in their official capacities, and 42 USC §1981. Plaintiff is suing some of the defendants in their individual capacities.

# IV.
# FACTUAL ALLEGATIONS

155. Plaintiff has become a target for both federal and state judges because the Plaintiff is black and has never been to law school, but he is able to competently defense himself against lawyers who have been practicing law for more than two decades. The focus on many of these judges is to assist defendants to defeat the Plaintiffs claims, even if it means being an accessory to a crime, or conspiring with the defense attorneys. Some of these judges have misused federal and state law, make up their own laws, or cooked up their own motions to prevent the Plaintiff from bringing sue in violation of §1981, or abused federal law by intentionally applying federal and state laws improperly to harm the Plaintiffs claims to assist white attorneys and to dismiss the Plaintiffs claims. Some these judges named herein have even threatened the Plaintiff not to file an appeal to their orders to prevent appellate review of their abusive decisions and orders, which is a violation of Plaintiffs due process and constitutional rights. In many cases, the federal judges are conspiring with the white attorneys who are defending large corporations.

156. Judges carryout harmful acts against the Plaintiff on account of his race, African-American. The U.S. constitution gives every citizen of this nation the rights to have access to the courts and freedom to file suit, which include African Americans, as well as white citizens, and not just corporations, white businesses, insurance companies, white defendants or their lawyers.

157. Plaintiff filed suit against Kristina Kastl, Kastl law firm, and Vikki Ogden for malpractice, conspiracy, negligence, breach of duties, fraud, breach of contract, misrepresentation, deceptive trade practice claim, unjust enrichment and other claims.

Judge Ginsberg quickly found a way to dispose of the Plaintiffs claims against Kastl and Ogden wrongfully. The defense attorneys know that the judges will work towards assisting them in cases that the Plaintiff files. Plaintiff has to defense himself in court against the white defense counsel and the judges who are eager to assist them. The U.S. judicial system in Texas does not appreciate nonwhites filing suit against corporations.

158. Plaintiff filed a lawsuit in the Eastern District of Texas (EDT) against Penske Truck Leasing Company, Navistar International Corporation, and Gallagher Bassett Services, Inc on March 21, 2011, cause number: 2:11-CV-00183. Appellant filed his IFP with the court. Both judges retired in that district. The new judges did not rule on Plaintiff's IFP for over 11 months. Finally, Roy Payne on March of 2012, ordered Plaintiff to pay the full filing fee within 30 days or he would strike his pleadings. Plaintiff had used his own IFP form for many years with the pervious judges who presided in the Marshall Division, and many other civil courts. There had not ever been a complaint by a pervious magistrate before or after Roy Payne. Magistrate Payne failed to send or instruct Plaintiff to use the form located on the district's website, but he was sarcastic in his ruling writing, "Drake a frequent flyer of this court," however, Plaintiff have never been before Payne, but Plaintiff is a target, even to federal judges as well as many state judges who he has no experience with, therefore, the Plaintiff is requesting an injunction against judges who have never presided over a case of his—to stop this targeting of his cases.

159. Plaintiff has represented himself in several different causes of actions in federal court over a 20-year span. Plaintiff filed most of his federal suits in the Eastern District of Texas, Marshall Division because the judges that presided in that division at

one point like T. John Ward and Chad Everingham were fair and impartial judges to pro-se litigants. Unlike Honorable Ward and Everingham, many of the judges named in this complaint have not been fair to the Plaintiff or possibly will rule in favor of the defense, just because they are white and are represented by attorneys.

160. The majority of the judges in the Eastern District of Texas simply hate the Plaintiff. And though the Plaintiff has filed complaints to the Department of Justice, and to the 5th Court of Appeals, the federal judges in the Eastern District of Texas has filed all sorts of unethical and wrongful ways to prevent the Plaintiff from bringing suits in that division. Judges like Judge Carven is one of the leading Eastern District of Texas judges that strictly dislikes the Plaintiff. Craven goes through the Plaintiffs pleadings looking for any thing that she can complain about. Obviously, Carven does not treat white attorneys in the same manner—but Craven's goal is not to correct, but to dismiss the Plaintiffs suits. Craven filed an order requiring Plaintiff to obtain permission to file any new suits in that division, and she did this without a hearing so that the Plaintiff could not show that her motions was frivolous and contrived through racial hatred.

161. Judge Folsom only sign orders that Craven recommend. And though the Plaintiff objected to Magistrate Craven hearing his cases as per the federal procedure allows, she refused to comply with federal rules to harm the Plaintiff. Plaintiff has had to nonsuit his claims because of Craven reckless and racially bias conduct. In the three cases that Craven dismissed she provided no option to transfer the cases because she wanted to dismiss them. If she were truly concerned about the facts of the case, she would know that in two (2) of the cases, the Eastern District of Texas was not the proper venue after

the Plaintiff researched the matter. But in the Plaintiff case, his race was the true issue not the pleadings. In *Drake v Consumers County*, the insurance company is headquartered in Dallas, and the events occurred in Dallas, the Plaintiff resides in Dallas so what would make Craven think that the Eastern District of Texas was the proper venue—she don't address that major problem because it would mean the cases wouldn't be within her jurisdiction, which they weren't, and therefore she would have no authority to dismiss them. In the case of *Drake v Consumers County* the Plaintiff estimated the damages to be over $1,000,000.00. In the case of *Drake v Hartford* et al, the Plaintiff estimated this claim to be worth over $500,000.00 dollars. Pursuant to 28 USC § 1406(a), in the interest of justice, if a case is filed in the wrong division the court should transfer such a case to any district or division in which it could have been brought. Again, Craven goal was to harm and dismiss the Plaintiffs claims not follow procedure or allow the claims to be under the authority of any other federal judge. Craven's, Crone's, Folsom or other federal judges in the Eastern District of Texas action against the Plaintiff was racial discrimination. Plaintiff simply seeks to bar any federal judge in the Eastern District of Texas from ever hearing any of his cases, even if the case is transferred to the Eastern District of Texas or if the correct jurisdiction is the Eastern District of Texas because the Plaintiff is a target to hateful, corrupt, racially motivated judges in the Eastern District of Texas as well as other divisions, like the Northern District (Dallas) location.

162. If the judges in the Eastern, Northern, or Western District of Texas do not want to hear the Plaintiffs cases, well neither do the Plaintiff wish for them to hear his cases, thus Plaintiff seeks and injunction against all of the judges named herein. Defense

attorneys have pointed to Craven's and other judges reckless and misguided orders to other federal judges in other divisional districts to continue the process of harming the Plaintiff and his claims even before any discovery is taken. And the Northern District of Texas has equally made some rather ridiculous orders in Plaintiff cases where white attorneys have perjured themselves before that division court, and Judge Jane Boyle ignored this serious but often ignored crime of perjury by white attorneys and their clients, and sought how she could sanction the Plaintiff or award damages to defense attorneys in any possible way. Judge Boyle, or as they call her "Sentencing Jane" ignored a white female attorney that had lied to the court. Other judges in the Northern District of Texas have dismissed the Plaintiff case against NBC, and were sarcastic regarding the Plaintiff ability to sing—to assist large corporations like NBC from having to pay the Plaintiff for his damages. This was a signing contest, and the white contestants that were chosen by NBC was signing on a level between 1 and 10, ten being the highest a 1 or 2. The Plaintiff happens to be one of the leading signers of Frank Sinatra music in the world, Plaintiff considers himself to be one of the top three in the world, in fact, those who have backed Sinatra said there is Frank Sinatra, Sinatra Jr., and the Plaintiff. Frank Sinatra has passed away, and the Plaintiff in his opinion sings Mr. Sinatra's music better than his son's. Yet, before racially disparaging judges in the Northern District of Texas the Plaintiff was no more to them but a "Colored" man who sings "*Porgy and Bess.*"

163. The problem is that these federal judges will file outlandish orders, refuse to allow Plaintiff the right to a hearing where he can correct any errors, so that the judges

can cover up their conspired efforts. They communicate and conspire with each other and develop hatred toward the Plaintiff.

164. Judge Crone in a civil suit that was worth an estimated $100,000.00, signed a motion to dismiss with prejudice, even though the Plaintiff called and spoke with her assistant and informed her that a mistake had been made and the amended petition was at the court the very next day. After Plaintiff communicated the mistake, it was very apparent to the Plaintiff that Crone quickly acted to seal the end of Plaintiffs case. Plaintiff believes that Crone or other judges at the (EDT) Beaumount Division may have some connections with the law firm or Harford Insurance; in any case, her behavior could have been generated by conspiracy, collusion, but undeniably discrimination.

165. Crone signed an order the day the Plaintiff spoke to Crone's assistant to dismiss his case. This would have never happened to a white attorney. Crone is in the Eastern District of Texas. One of the judges in the Eastern District of Texas signed an order that even if a case is transferred to that division, that the Plaintiff has to obtain permission from the judges in the Eastern District of Texas—ridiculous, racially charged Ku Klux Klan type of orders meant to harm and humiliate the Plaintiff.

166. Plaintiff also believes that Folsom, Craven, and Crone and many other judges in the Eastern and Northern Districts possibly could be conspiring with big corporations and white attorneys to dismiss his cases. Plaintiff will not know this until he has the opportunity to take Crone's deposition. Though Crone's behavior is interesting because for 3 months the Plaintiff cause of action sat in Crone's court—one of the judges recused himself, which the Plaintiff don't know why. Crone never ruled on the Plaintiffs

motion to proceed in forma pauperis, yet she signed an order dismissing the Plaintiff case, after he made a mistake and called the court. Plaintiff filed a motion to reconsider, but Crone ignored it. Crone did not rule on Plaintiffs motion to proceed in forma pauperis because she didn't want the Plaintiff to move forward with the suit, but once she saw a means to dismiss the suit, she did so quickly before the Plaintiff could get his amended motion filed "without prejudice" the very next day. Moreover, how could Crone dismiss the suit without first acting on the Plaintiffs motion to proceed in forma pauperis? And in other cases where the Plaintiff has sued state judges for their corruption, the federal judges in the Eastern and Northern District of Texas again came to their recuse. Judge Roy Payne of the Eastern District of Texas dismissed the Plaintiffs suit without first acting on the Plaintiff IFP, and then the made fun of the Plaintiff IFP, which intelligent judges of other divisions have had no problems with, and ordered the Plaintiff to pay the cost and then dismissed the case. Plaintiff could say that Judge Payne would be considered as a super hero to the Grand Dragon of the KKK, but as a judge sworn to uphold his duties to all U.S. citizens, he has horribly failed along with other federal judges to provide even the most limited assistance to nonwhites or the Plaintiff who is a target to racial behavior by these judges. Plaintiff filed a complaint with the chief judge in the Eastern District of Texas but he never responded. Filing complaints with the 5th Court of Appeals in New Orleans has no affect on this type of racism because those judges are equally corrupt and racist.

167. As said, the Northern District of Texas has also made some rather ridiculous orders to protect NBC from being sued. Plaintiff filed suit against NBC regard-

ing a Sinatra signing contest. NBC Today Show chose 6 (six) contestants from around the nation to compete in this contest, but none were African American. The winner received a singing contract. The court determined that a signing contract was not a breach of contract or an offer of employment, which this is not true, but at that time the Plaintiff did not understand appellate procedure well enough to file an appeal. The federal judges dismissed the Plaintiffs claims against NBC. The federal judge said, "I am sure that the Plaintiff have a lovely voice," sarcastically. In reality, the Plaintiff has been ranked one of the top Sinatra singers in the world. These judges' actions are not blunders or mistakes; though they are negligent to their duties, these are willful, intentional actions to harm the Plaintiffs claims on account of his race, African American. And because there is no way to file an effective complaint against them, litigation is the only answer.

168. The Plaintiff most recently filed a lawsuit against 3 of the largest corporations in America. The Plaintiff filed his IFP in the Northern District of Texas. Right away the judges began to complain about the Plaintiff IFP, the Plaintiff responded by filing a nonsuit. The Plaintiff refilled the same claim and same IFP with another division and the IFP were approved and the Plaintiff settled 3 out of the 4 defendants. The Plaintiff tried to take the deposition of Alice Andrews pursuant to a Rule 27, and the same exact thing occurred the judges filed pages of unnecessary paper work to slow the Plaintiff down and to frustrate him. Andrews died. It is without question that the Plaintiff is a target to many of these judges, and those who may not know the Plaintiff personally, after reviewing what other judges has written in their orders, they also have a negative

opinion about the Plaintiff—thus, an evidentiary hearing is necessary to resolve these issues and to set the record in its true form—though the Plaintiff cannot see this Court allowing judges to be proven wrong let alone as treating the Plaintiff unfairly, bias, or racial conduct. The Plaintiff foresees that this Court will try as quickly as possible to dismiss this suit. Plaintiff will provide a copy to the media.

169. Plaintiff filed litigation in Waco, Western District of Texas. This case was against Navistar, a mulit-billion dollar corporation. These are the companies that federal judges like to protect for some reasons. The court would not allow a simple evidentiary hearing which would have been a two day hearing and proved the Plaintiff complaint, then the court drew from the racially motivated orders of the Eastern District of Texas and the Northern District of Texas and filed its own ridiculous orders without proof or allowing yet again the Plaintiff to defense himself. But that's the point, the courts don't want the Plaintiff to defense himself, but just perpetrate the same lies and unfounded statements, and its wrong. The judges in this division protected Navistar. Of course, if the Plaintiff had judge Chad Everingham as a judge, Navistar would have most likely had to settle with the Plaintiff, because Judge Everingham would have treated the Plaintiff equally to white attorneys.

170. Currently the Plaintiff has litigation in Dallas County state court and William Tapscott Jr. is the judge in a dental malpractice lawsuit. Tapscott, a true racist have done just about everything he could to assist the defense, which includes abuse of his authority, making false statements in court, refusing to allow the Plaintiff to bring his

motions before the court, violating Plaintiff due process rights, and possibly conspiring with defense counsel. Judge Greenberg has carried out the same actions. In a case where the court reporter committed a felony crime and Ada Brown and Carolyn Wright (both appeals justices in Dallas) help Vikki Ogden and Kristina Kastl cover up the crime. Kastl lied under oath in a hearing and Ogden assisted her by changing the transcript to read, "I don't know," when Kastl testified, "No." Plaintiff attempted to get Justice Brown to order Ogden to produce the tape but after three petitions Justice Brown refused all of them and Justice Wright agreed. All of the justices in the Dallas Appeals Court dislike the Plaintiff, and he is a target on account of his race, and the fact he is not an attorney. Vikki Ogden is guilty of committing a felony crime, Kastl is also involved because she knew of the crime and Brown and Wright is guilty of obstructing justice and aiding in the crime. It would only take a judge who is fair to both sides, and in this suit an evidentiary hearing which would take about two weeks on the Plaintiff side alone, but when finished, some judges may not be judges any longer, some attorneys may not be attorneys any longer, and some of the defendants above could possibly face criminal charges. However, it is of no concern to the state or federal authorities if officers of the court commit these acts to nonwhite pro-se litigates—**and that's the huge problem with out current judicial courts**!

171. Litigation in appeals court 5th court of appeals has also been difficult for the Plaintiff. Justices in this court target the Plaintiffs pleadings and again use any means to dismiss or rule in favor of the defense, even if the ruling does not make any legal logical sense—racist is not logical.

172. As already set forth herein the chief justice has been involved in covering up a criminal matter. Though she is black, she has made some rather hurtful and untrue comments about the Plaintiff. It's possible that Justice Wright is unhappy with her dark skin color, though she can still be held accountable as discriminating against the Plaintiff even if she is black also. Other justice have made rulings that is so contrary to legal logic and statute that it is ridiculous like one of the justices who wanted to make the Plaintiff as a vexatious litigate so badly that she ruled that even if a person who have been determined as a vexatious litigate hires an attorneys that the attorney will have to get permission to file the suit. This goes far beyond what the statute is supposed to be written for and what her goal was aimed at the Plaintiff. That most attorneys would not want to take a case where they likewise would be subjected to such ridiculous actions, thus the Plaintiff would be unable to obtain competent legal assistance, which is also a breach of the Plaintiffs rights and a violation of federal laws. But again, racist is not logical or legally logical. The goal is to harm the Plaintiff and his claims.

173. Litigation in appeals court 3rd court of appeals in Austin Texas. This case stemmed from outrageous actions of the Clerk of Court and judges in Travis County district court and an assistant Attorney General. The assistant attorney general lied to the court to declare the Plaintiff as a vexatious litigate. This of course is a felony crime, and it should be enough to cause him to loose his license to practice—however, the Justices in the third court of appeals (Justice Rose) who likewise was employed at the Attorney Generals Office agreed with the court and affirmed wrongfully that the Plaintiff is a vexatious litigate. I am asking merely in this suit for an injunction but the plaintiff will file conspiracy and other charges against him soon and file an appeal, but to file a petition for review in the Supreme Court where the Plaintiff against is a target would be futile, thus all of those justices must also be sued for conspiracy and other charges at a latter date, but not in this suit. This suit is to prohibited these judges from their continual abuse and allow judges in another court to review the decisions of the district court whether it be federal or state and another appellate court to review the 5th Court of Appeals, 3rd Court of Appeals, and Supreme Court decision.

174. Currently the Plaintiff has 4 Petition for Reviews due in Supreme Court of Texas. The behavior of the chief justice is very questionable and the clerk of court and the Plaintiff has had conversations which appeared to be more like in a bar than a supreme court, thus the Plaintiff seeks to enjoin all of the justices in that court believing that there is no possibility of ever having a fair hearing or judgment. Plaintiff filed a motion in the Texas Supreme Court and the court is still allegedly considering the motion, which was filed in August of this year, yet the chief justice has acted quickly

when white attorneys or judges have requested his assistance. There is no doubt that impartiality is not a possibility for the Plaintiff in the Texas Supreme Court.

175. Plaintiff litigation in the 5th Court of Appeals in New Orleans. The Plaintiff has filed several briefs in this appellate court and again the Plaintiff is targeted. Most recently in the case of Drake v. Navistar this appellate court filed one of the most poorly written opinions that the Plaintiff has ever read. Factually, the justices were connected with the Western District of Texas, of whom the Plaintiff complained and the Dallas County. The justices in this case are the vexatious litigates; they are also corrupt, possibly bribed by a large corporation or just plain incompetent.

176. As alleged herein, as a direct and proximate result of the judge's negligence and wrongful conduct, Plaintiff Eric Drake has suffered. Defendant's actions are intentional, and therefore an injunction and restraining order is necessary. Plaintiff belief that he was treated in this manner because of his race, African American.

177. Plaintiff is seeking injunctions against all of the judges named herein for the protection of his civil cases—to prevent another judge from abusing their authority, abusing the process and abusing their duties. There may be no more signs that say, "Colored Only," but the actions of judges like these is making that statement through their desire to assist whites and big corporations that are being sued by African Americans and other nonwhites like the Plaintiff. The Plaintiff never consented to Craven as a magistrate judge because he understands that she is not going to be impartial and unfair to him, yet procedure doesn't matter to reckless racially motivated judges like

many of the judges complained about in the above cause of action. This is the reason the Plaintiff is requesting an injunction against so many judges who have abused their authority or the Plaintiff believes that they will abuse their authority. Filing complaints against judges in the appellate court is a waste of time. The complaint system against federal judges is only effective if the person filing the complaint is a white Senator or Congressman. Many of the above federal judges have blocked and prevented the Plaintiff from obtaining a hearing, to prevent the Plaintiff from disproving these judges' rulings. In regards to the state court, there is a means to file a complaint against state judges, however, the system is just as corrupt and this is the reason why only through this lawsuit that the Plaintiff may obtain some relief.

## V.
## FIRST CAUSE OF ACTION DISCRIMINATION

178. Plaintiff would show that he was the victim of unlawful practices based on his race (Black) or (African American) and because of his race the Defendant's discriminated against him or has the potential to be unfair to him based on other judges wrongful orders, practices, or their behavior or other reasons, as specifically set forth below:

a. Plaintiff is an African American male.

b. Plaintiff filed several civil actions in Texas federal courts.

c. For nearly a year some of Plaintiffs claims just sat in some of the courts dockets because the judges would not act on his motion to proceed in forma pauperis.

d. Plaintiffs civil actions filed were not acted upon because of the Plaintiffs race, and when the court did act, it ruled wrongfully, blocking a hearing on the matters.

e. Plaintiff has become a target of federal and state judges in Texas.

f. Plaintiff filed a complaint with the Fifth Circuit of Appeals concerning the behavior of several federal judges. But the Plaintiff is convinced that filing complaints is not effective, because he has done so against several judges and they are not taken seriously—and the complaint, no matter how well its drafted never gets further than the initial stages.

g. Judges in the Eastern, and Western District of Texas have filed orders that prohibit the Plaintiff from filing litigation without their permission without a hearing so that the Plaintiff could protect himself from such vile orders and to

keep the Plaintiff under their control and to stop the Plaintiff from filing suit and having free access to the courts in violation of 42 USC §1981.

h. The district judge in the Western District of Texas threatened the Plaintiff not to file an appeal to his order of denying the Plaintiffs IFP on appeal and that the Plaintiff must seek permission from the court to file any new litigation without a hearing of any kind. This action was contrived from the Eastern District of Texas and no doubt an act of bias and prejudice.

h. Several of the federal judges has ordered the Plaintiff to seek permission before filing suit, and refused to allow a hearing of any kind only because the Plaintiff is African American and of course not an attorney.

i. The motives of many of the judges in the Northern District of Texas, Eastern District of Texas, and Western District of Texas are to rob the Plaintiff of his rights and dismiss his claims.

j. Because of many of the defendant judges misguided and racially prejudice actions the Plaintiff has been harmed, and this intentional action is strictly based on his race, African American. Sadly, many of the above defendants will continue to harm the Plaintiff or will potentially harm the Plaintiff unless this court acts by injunction to prevent them from doing so in the future.

k. Judges in the three district complained about herein no doubt have conspired against the Plaintiff to harm his civil claims.

l. The defendant's actions have caused the Plaintiff severe emotional distress.

m. The defendant actions against the Plaintiff were with malice.

n. The reckless but intentional actions of the defendants can be easily as intent to injure the Plaintiffs civil claims.

o. Many of the defendant judges above have tried to assist defense attorneys in labeling the Plaintiff as a vexatious litigant, but those orders where overturned in the state court, however, federal judges have used those order to cook up their own self made orders labeling the Plaintiff as a vexatious litigant even though there is no such federal statute wrongfully. This occurred in the Eastern District of Texas and Western of Texas. Other judges are soon to follow and after the judges file these harmful orders, they prevent the Plaintiff from having an evidentiary hearing to disprove the judge's reckless but intentional conduct. Of course, this seals the Plaintiffs faith and it is more so the reason why the Plaintiff must take this legal action because these acts are generated only because of Plaintiffs race and the fact he is pro-se. Obviously, the judges would never do something as such against a white attorney, but these defendant judges see the Plaintiff as a soft target that will not fight back, and even filing of this lawsuit, they don't believe that this Court will do anything about their actions.

p. Wrongfully labeling the Plaintiff as a vexatious litigant is an act of racism, just like whites carried out in the 1940s by calling blacks Niggers—there is no difference, and these judges feel comfortable in their actions because they know that there is no agency or court in the nation that will make them accountable for their actions—certainly not the Fifth Court of Appeals, therefore, they feel relaxed to commit 21st Century race discrimination with impunity.

q. Many of the defendant judges have ignored correct procedure, proper venue in order to dismiss the Plaintiffs claims against large corporations on account of his race, African American.

## VI.
## FIRST CAUSE OF ACTION
## INJUNCITVE RELIEF

179. Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

180. Pursuant to 42 U.S.C. § 1983, Plaintiff hereby sues for injunctive relief. Plaintiff would show that Defendants Sidney A. Fitzwater, Sam R. Cummings, John H. McBryde, Jorge Solis, Sam A. Lindsay, Barbara M. G. Lynn, David C. Godbey, Ed Kinkeade, Jane Boyle, Reed O'Connor, A. Joe Fish, Terry R. Means, Robert B. Maloney, Paul D. Stickney, Nancy M. Koenig, C. Ramirez, Jeffrey L. Cureton, Renee H. Toliver, E. Scott Frost, David L. Horan, Leonard Davis, Ron Clark, Marcia A. Crone, Rodney Gilstrap, Thad Heartfield, Richard Schell, Michael H. Schneider, Don D. Bush, Caroline M. Craven, Keith F. Giblin, Zack Hawthorn, John D. Love, Amos L. Mazzant, K. Nicole Mitchell, Roy Payne, Martin Hoffman, Eric Moye', Carl Ginsberg, Dale Tillery, Gena Slaughter, Martin Lowy, Jim Jordan, Craig Smith, Tonya Parker, Nathan L. Hecht,

Robert W. Schroeder III, Paul Green, Phil Johnson, Don R. Willett, Eva Guzman, Debra Lehrmann, Jeffrey S. Boyd, John P. Devine, Jeff Brown, Sam Sparks, Lee Yeakel, Robert L. Pitman, Harry Lee Hudspeth, James R. Nowlin, Andrew W. Austin, Christine A. Nowak, Mark Lane, Walter S. Smith, Jr., Jeffrey C. Manske, Alia M. Ludlum, Philip R. Martinez, Stuart Platt, John W. Primomo, Micaela Alvarez, Melinda Harmon, Vanessa Gilmore, Ricardo H. Hinojosa, Kenneth M. Hoyt, Lynn N. Hughes, Janis Graham Jack, Sim Lake, Nelva G. Ramos, Diana Saldana, Hilda G. Tagle, Ewing Werlein, Jr., Guilermo R. Garcia, J, Scott Hacker, Nancy K. Johnson, Jason B. Libby, Mary Milloy, Philip R. Lane, Irma C. Ramirez, William F. Sanderson, Jr., Reed Charles O'Connor, Robert K. Roach, Jeff Rose, David Puryear, Bob Pemberton, Cindy O. Bourland, Carolyn I. Wright, David L. Bridges, Molly Francis, Douglas S. Lang, Elizabeth Lang-Miers, Robert M. Fillmore, Lana Myers, David Evans, David B. Lewis, Ada Brown, Craig T. Stoddart, Melissa Goodwin, Bill Whitehill, David J. Schenck, Melissa Goodman, Scott K. Field, William Ken Tapscott Jr., Emily G. Tobolowsky, Mark Greenberg, Marvin Kent Sims, and D'Metria Benson, Carl E. Stewart, Thomas M. Reavley, Carolyn Dineen King, E. Grady Jolly, Patrick E. Higginbotham, W. Eugene Davis, Edith H. Jones, Jerry E. Smith, John M. Duhé, Jr., Jacques L. Wiener, Jr., Rhesa H. Barksdale, Emilio M. Garza, Fortunato P. Benavides, James L. Dennis, Edith Brown Clement, Edward C. Prado, Priscilla R. Owen, Jennifer Walker Elrod, Leslie H. Southwick, Catharina Haynes, James E. Graves, Jr., Stephen A. Higginson, Gregg J. Costa, M. L. Robinson, C. Averitte, Michael O'Neill and Blake Hawthorne in their official and unofficial capacities, will continue to violate Plaintiff's constitutional rights and harm or attempt to harm his claims if Defendants are not enjoined by this Court. Accordingly, Plaintiff hereby requests

this Court to issue an order to enjoin any ongoing violations of Plaintiff's constitutional rights and *stay* any current state court proceedings until this suit has been resolved.

## VII.
## SECOND CAUSE OF ACTION
## DISCRIMINATION UNDER TITLE 42 U.S.C. § 1981

181. As alleged herein, as a direct and proximate result of many of the Defendants' discriminatory acts pursuant to 42. U.S.C. § 1981, Plaintiff pleads a cause of action against the Defendants for race discrimination. The allegations contained in all of the paragraphs of the Complaint are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as set forth verbatim. Plaintiff further shows as follows:

a). Plaintiff is a citizen of the United States of America within the meaning of Title 42 and belongs to a protected class under the statute, namely his race, Black.

b). Many of the defendants has discriminated against Plaintiff because of his race in violation of Title 42 by dismissing the Plaintiffs claims that he filed against white business owners, and corporations. Judges have signed orders declaring wrongfully the Plaintiff as a vexatious litigant, only for an appeal court to reverse the orders after years of litigation. Other judges in the federal system have restricted Plaintiff filing in their divisions without proof of their allegations, without out any evidence, and without a hearing or trial. Judgment is carried out without due process. The Plaintiff seeks an injunction against all of the judge defendants to prevent any further harm to the Plaintiff and or his claims.

c. Many of the defendants desire to prevent the Plaintiff from filing lawsuits and or discourage the Plaintiff from filing future lawsuits, which is his constitutional rights under 42 USC § 1981(a), (to sue, give evidence, and to have full and equal benefits of all laws and proceedings). They do this by overly scrutinizing the Plaintiffs pleadings, finding any reasons to not approve his IFPs, denial of his IFPs so the Plaintiff cannot file an appeal to their often wrongful and ridiculous orders, forcing the Plaintiff to fill out substantial paper work when its not necessary claiming to need more information or that his pleadings needing amendment when they did not. When federal judges act as if they are the defendants in the lawsuit working with the defendants.

d. And under subsection (c) protection against impairment under color of State law (and in this case impairment by representatives of Court). Many of the defendants want to suppress the Plaintiffs ability to file lawsuits, and have used unethical, wrong, and discriminative ways to dismiss the Plaintiffs claims. By and through many of the above defendant's actions they have violated the Plaintiffs rights under 1981 by continual harassment or refusing to act on the Plaintiffs pleadings—finding a way to dismiss many of his cases.

e. Many of the judge defendants have worked with defense counsel against the Plaintiff, who are white, to criticize the Plaintiffs pleadings and to find any reasons not to grant the Plaintiffs IFPs, to cause the Plaintiff inability to file

suit and to prevent the Plaintiff from filing lawsuits, having access to the courts on account of his race, African American.

## VIII.
## DISCRIMINATION UNDER TITLE 42 U.S.C. § 1983

182. As alleged herein, as a direct and proximate result of the Defendants' discriminatory acts pursuant to 42. U.S.C. § 1983, Plaintiff pleads a cause of action against the Defendants for race discrimination. The allegations contained in all of the paragraphs of the complaint are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as set forth verbatim. Plaintiff further shows as follows:

a. Plaintiff is a citizen of the United States of America within the meaning of Title 42 and belongs to a protected under the statute, namely his race, African American.

b. Many of the defendants intentionally discriminated against Plaintiff because of his race in violation of Title 42 by scrutinizing the Plaintiffs pleadings in an effort to have them dismissed or by dismissing his lawsuits quickly, but failing to act on Plaintiffs other motions—refusing to allow hearing to understand the facts of Plaintiffs cases—to deprive the Plaintiff of his rights and privileges under the constitution of being able to file civil law suits without any obstacles in violation of § 1983.

183. As alleged herein, as a direct and proximate result of the Defendants' negligence, intentional wrongful behavior and wrongful conduct, Plaintiff Eric Drake has suffered injuries. Plaintiff Eric Drake continues to suffer, therefore, injunctive relief is the only remedy for the Plaintiff.

## IX.
## DISCRIMINATION UNDER TITLE 42 U.S.C. § 1985

184. As alleged herein, as a direct and proximate result of the Defendants' discriminatory acts pursuant to 42. U.S.C. § 1983, Plaintiff pleads a cause of action against the Defendants for race discrimination. The allegations contained in all of the paragraphs of the complaint are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as set forth verbatim. Plaintiff further shows as follows:

a. Plaintiff is a citizen of the United States of America within the meaning of Title 42 and belongs to a protected under the statute, namely his race, African American.

b. Many of the defendants intentionally interfered with the Plaintiffs civil rights to harm him and any claim that he brought before the court. Though many of the defendant judges desired to harm the Plaintiff on account of his race alone, it is the Plaintiff opinion that several of the defendants conspired with the white attorneys to afford them a victory against the

Many of the judge defendant's goals are simply to impede, hinder, obstruct or defeat the Plaintiffs claims with the intent to deny the Plaintiff equal protection of the laws, by wrongfully declaring him a vexatious litigant, or similar orders through the federal court, by obstructing justice or assisting white attorneys to obstruct justice, by hindering the Plaintiff to discover facts that would prove his case, by protecting whites or court employees from their unethical and criminal behavior, by protecting whites of their fraud or criminal conduct, to injure him and to prevent him from receiving his just compensation for his claims in violation of § 1985 and §1981..

185. As alleged herein, as a direct and proximate result of the Defendants' negligence, intentional wrongful behavior and wrongful conduct, Plaintiff Eric Drake has suffered injuries.

## X.
## THIRD CAUSE OF ACTION NEGLIGENCE

186. Plaintiffs incorporate by reference all preceding paragraphs and allegations as if fully set forth herein.

187. All of the Defendants owe a duty to the Plaintiff to use reasonable ordinary care and diligence in handling his litigation. And though the defendants are

judges, many of them have used their judicial powers to protect white businesses, white law offices, and other corporations, which are run by white people.

188. Many of the defendants were negligent of one or more of the following negligent acts and/or omissions:

a. Failing to use due care in handling the Plaintiffs claims;

b. Failing to adhere to the proper procedure when the Plaintiff objected to magistrates;

c. Failing to allow a hearing before making orders that were frivolous or meant to harm the Plaintiff;

d. Threatening the Plaintiff not to file an appeal;

e. Relying on hearsay or past judgments, rather than seeking the truth;

c. Protecting white attorneys and their clients, insurance companies, whites in general so that the Plaintiff would be unable to succeed against them;

d. Micro managing Plaintiffs suits, and seeking ways to dismiss the Plaintiffs causes of action while not applying all of the remedies that should be afforded the Plaintiff on account of his race, African American.

d. Defendants otherwise being careless and negligent.

189. Defendants knew or should have known that their actions would cause harm to Plaintiffs claims. Defendants choose to discriminate against the Plaintiff, and cause him increasing pain and suffering. Many of the judge defendants were negligent.

## XI.
## FOURTH CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY/JUDGES CANONS

190. Plaintiffs incorporate by reference all preceding paragraphs and allegations as if fully set forth herein.

191. A relationship of trust and confidence existed between Plaintiff and judge defendants, because of the oath the above defendants took, and the Plaintiff justifiably placed his trust and confidence in several of the above defendants to act impartially.

192. As a judge, all of the defendants who have presided over and or ruled on any of the Plaintiffs cases or legal matters owed him a fiduciary duty. Yet, many of the defendants breached the highest of duties by failing to act fairly and equitably in their transactions with Plaintiff, by failing to make reasonable use of the confidence that Plaintiff place in them, by failing to act in the upmost good faith, by failing to exercise the most scrupulous honesty toward Plaintiff, by placing their interests and the protection of the defense attorneys above the Plaintiffs to cause harm to the Plaintiff and his cases, by using the advantage of their position to gain benefit for white defense attorneys and their clients at the expense of Plaintiff, by placing themselves in the positions where their self-interest and willingness to assist in the cover-up's for the defense attorneys might conflict with their obligations as a fiduciary, by some of them conspiring to label Plaintiff or cause him harm, and by covering up for defendants by ignoring their felony crimes.

193. The breaches of fiduciary duty committed by many of the defendants include but were not limited to: 1) failure to treat the Plaintiff impartially; 2). failure to provide the same consideration to Plaintiff as they would white attorneys and their large corporations or businesses , 3). failure to follow the law and procedures of the law when applying it to the Plaintiff, 4). failure to allow Plaintiff the ability to have a hearing to proof or disprove claims against him before ruling against the Plaintiff, 5). failure to disclose that many of the judge defendants conspired against the Plaintiff; 6). failure to protect the Plaintiff rights, while conspiring to cover up for the white defense counsel misrepresentations and fraud committed against the Plaintiff, 8). failure to disclose their cover up's of their negligence, conspiracies, and misrepresentations; 9). failure to competently understand the facts of the Plaintiffs case before making rulings and judgments that are meant to harm the Plaintiff and his cases, to rob him of any compensation if possible.

194. Many of the judge defendants are racially motivated toward the Plaintiff and dislike the fact that he is capable of understanding the law. It is 1950s racism in the twenty-first century.

## XII.
## FIFTH CAUSE OF ACTION BREACH OF STANDARD OF CARE

195. Plaintiffs incorporate by reference all preceding paragraphs and allegations as if fully set forth herein.

196. Many of the defendants breached their standard of care by conspiring against the Plaintiff in many ways, by signing orders that were meant to harm the Plaintiff and his cases, by allowing themselves to commit criminal acts to assist the defendant and being partial, and racially motivated toward Plaintiff. Many of the defendants were and still is the Plaintiffs worst enemy. Plaintiff typically has two defendants to fight in his litigation, the named defendants in the suit, and the judges. Many of the judge defendants abused their positions included but not limited to:

1). Assisting white defense counsel to wrongfully declare the Plaintiff as a vexatious litigate;

2). Using past orders that were overturned by an appellate court to try and harm the Plaintiff;

3). Refusing to allow a hearing to understand the facts of the case before making orders that were meant to harm Plaintiff or dismiss his cases;

4). Disobeying the law, federal and state statutes to harm the Plaintiff and his claims, cases, or in assisting white attorneys to harm the Plaintiff;

5). Failing to competently oversee the legal proceedings;

6). Failing to do what any competent judge would have done to protect the Plaintiffs rights;

7). Finding ways to assist the defense counsels and their client at the expense of the Plaintiff and his claim;

8). Altering the truth;

9). Assisting white counsel and their clients to hide the truth;

10). Conspiring to alter the transcripts;

11). Ignoring compelling evidence that white attorneys or court personnel have committed felony crimes.

## XIII.
## SIXTH CAUSE OF ACTION CONSPIRACY

197. Plaintiffs incorporate by reference all preceding paragraphs and allegations as if fully set forth herein.

198. Many of the above judge defendants have conspired with white attorneys and large corporations to harm the Plaintiff and his claims, which has cost Plaintiff hundreds of thousands of dollars in lost compensation.

199. Some of the judge defendants has conspired with large corporations and committed felony crimes, but the FBI and the local District Attorney's office has refused to prosecute the cases because large corporations are involved and not individuals, even though the amount of funds are sufficient for a federal investigation.

200. Some of the judge defendants have shut both eyes to court employees who have altered transcripts to protect white attorneys, which harmed the Plaintiffs case. Those judges who help conceal crimes where the majority of the times concealing felony

crimes, and obstructing justice. There is no immunity when a judge partakes in criminal activities. A U.S. attorney advised the Plaintiff to turn over evidence he has to federal investigators regarding obstructing of justice by a judge, but as soon as the FBI heard that a large corporation (Travelers Insurance Company) and their legal counsel committed the crime, there is no desire to prosecute the case.

201. This type of conspired conduct will not stop unless the Plaintiff take immediate steps to stop this behavior, and if this Court fails to act, these judges will continue to hide crimes, unethical conduct, and obstruct justice as long as it is committed by a person that many of these judges feel is not a threat to their conduct [blacks, Hispanics, and nonwhite pro-se litigators in general]. This is the reason why the Plaintiff named all of the judges in the Eastern District of Texas, many of the judges in the Northern District of Texas, and many of the judges in the Western District of Texas along with many state judges.

## XIV.
## SEVENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

202. Plaintiff pleads a cause of action against several of the above defendants for its intentional inflictions of emotional distress. The allegations contained in all of the paragraphs of the Complaint are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as se forth verbatim. Plaintiff further shows as follows:

a). By many of the judge defendants above wrongly acted with intent to derive the Plaintiff with respect to his Constitutional and civil rights to proceed in a court of law to have a matter heard by a judicial officer without his cases being overly scrutinized and or wrongfully dismissed;

b). By extreme and outrageous behavior by many of the judge defendants of depriving the Plaintiff of the freedom to file his petitions and receive the same options which are available to whites, white counsel and their client;

c). By extreme and outrageous behavior by many of the defendants of rushing to dismiss Plaintiffs claims against white counsel, and their clients;

d). By failing to act on Plaintiffs motion to proceed (IFP) to keep him from moving forward with his suit and denying Plaintiffs IFP to prevent him from filing an appeal;

e). By impede, hinder, obstruct or defeat the Plaintiffs claims with the intent to deny the Plaintiff equal protection of the laws;

f). By extreme and outrageous behavior by many of the defendants of ignoring the Plaintiffs objections to magistrates, not allowing Plaintiff a hearing where he can defend himself and provide evidence before ruling and making orders to harm the Plaintiff and his claims.

203. As a result of many of the above Defendants intentional inflictions to the Plaintiff, the Plaintiff has suffered, and will continue to suffer, actual damages, loss income and benefits, embarrassment, humiliation and emotional distress. Plaintiff has no

adequate remedy at law and therefore declaratory and injunctive relief is appropriate to redress the wrongs committed by the above Defendants. The intentional emotional distress caused by the Defendants was aggravated by the kind of willfulness, possibly conspired, and unfair judicial practices, and malice for which the law allows imposition of exemplary damages.

## XV.
## IMMUNITY

204. Plaintiffs incorporate by reference all preceding paragraphs and allegations as if fully set forth herein.

205. Because this action is against judges, it may be presumed that they have immunity. The Plaintiff disagrees that a judge, whether they be a state or federal judge has immunity to any act that they may commit. However, what the Plaintiff is requesting is injunctive relief for each and every judge defendant named above in this suit.

206. Plaintiffs injunction is not only necessary to protect him and his claims, but without the injunctive relief that the Plaintiff is seeking, he will continue to be abused by many of the judge defendants. The requested injunction is sought to protect the Plaintiff from these judges' abuses; therefore, the immunity clause does not act to protect from a suit that desires to restrict the judge. Factually, many of the judge defendants apparently do not wish to hear the Plaintiffs causes of action because they have requested

all kinds of restrictions on the Plaintiff wrongfully—therefore, the Plaintiffs requests for injunctive relief shouldn't be an objection to any of the judge defendants.

207. When judges are willing to shut one eye to blatant unethical and even criminal actions by white attorneys to assist them in denying the Plaintiff his due process rights, or just compensation, injunctive relief is appropriate since there is no agency that is truly going to properly investigate such behavior, as long as it is filed by a nonwhite pro-se litigant. As said even a federal judge is not beyond being held accountable when he or she has committed a crime or is treating the Plaintiff differently because of his race, and or being partial to white counsel and their clients on account of their race.

208. Several of the judge defendants in the Eastern, Northern, and Western District of Texas have also ruled wrongfully against the Plaintiff to harm his claims. Some of the above judge defendants has allowed defense counsel witnesses to commit perjury, and became angry with the Plaintiff for being able to prove that the white counsel clients lied under oath, but the same judges have tried to order the Plaintiff to pay for attorney fees when the Plaintiff was blameless.

209. This wrongful hatred is derived from racial hate. Many of the above judges protect the white attorneys and try to find any reason to dismiss the Plaintiffs cases just because he isn't white and because he is pro-se. And even though a judge may have immunity, however clearly racial and unfair actions that is joined with the judges abuse of their authority, ignoring criminal acts committed by white attorneys, and the

judges conspired conduct against the Plaintiff to harm him and his cases—to deny the Plaintiff just compensation, demands injunctive relief is reason for injunctive relief.

210. Plaintiff is requesting injunctive relief because of many of the judges hatred toward him, and many of these judges has caused the Plaintiff loss of compensation and funds, as a result of their reckless conduct, and for the extreme mental anguish as a result of these judges intentional racism, unfairness, extreme racially motivated bias, and conduct.

211. Filing complaints with the 5th Court of Appeals is a complete waste of time for any pro-se litigant. The appellate court has this option available only to "have it available" but the complaint almost never comes to a point were it is investigated. The immunity of a judge does not allow him or her to use their positions to harm nonwhites and their claims for their amusement—as many of the judge defendants has carried out against the Plaintiff.

## XVI.
## APPLICATION FOR PERMANENT INJUNCTION

212. Plaintiffs incorporate by reference all preceding paragraphs and allegations as if fully set forth herein.

213. Many of the above judge defendants has two things in comment, they are focused on not allowing nonwhites to have a non-partial hearing or trial and they are determined to give white counsel, and corporations all the chances to succeed in any cases where nonwhite pro-se litigants are the "plaintiffs" or litigators.

214. If the requested relief is not granted, many of these judge defendants sighted herein will try their best to harm the Plaintiff again, and again if any of his cases come before them, and the Plaintiff will suffer continually, and even in this case the Plaintiff will suffer immediate, and irreparable harm, and lost of compensation.

a. On information and belief, many of the above judge defendants will use all of their judicial powers to continue to harm the Plaintiffs claims, to dismiss the Plaintiffs claims as many of the judge defendants have already ruled against the Plaintiff in the past.

b. Moreover, from some of the judge defendant's sarcastic comments in their orders, they will not slow down in her actions against he Plaintiff, unless they are barred from hearing any of the Plaintiff causes of actions, therefore, many of the judge defendants will continue to abuse of judicial powers if not enjoined.

c. Some of the judge defendants have not heard any of the Plaintiffs cases, but they pose a great threat of not allowing the Plaintiff equal opportunity to be heard or they may follow other judge's actions by conspiring with other judges or following other judges damaging orders, and by trying to restrict the Plaintiff in some demeaning way to assist white attorneys or their clients who are large corporations.

215. It is essential that the Court immediately and temporarily restrain the judge defendants from undertaking and/or continuing the conduct and acts described herein. It is essential that the Court act immediately because the defendants inevitably will continue to misuse their judicial powers to harm the Plaintiffs claims.

216. In order to preserve the status quo during the pendency of this action, the judge defendants should be cited to appear and show cause why they should not be temporarily restrained, during the pendency of this action, from the acts described below.

217. Plaintiff has no adequate remedy at law for the injuries described above, and the injuries are continuing. The interests involved are unique and irreparable, so that the damages caused by the judge defendants conduct, and the damages that would be caused if such conduct were permitted to continue in the future, are difficult to accurately measure in monetary terms. How does one measure being treated impartially, when the person judging may not know what it is like being discriminated against?

218. The immediate and temporary restraint of the judge defendants from continuing to have anything to do with the causes of actions of the Plaintiff and conduct described above is essential. This Court must act immediately, prior to notice to the judge defendants, because an immediate serious risk exists that the judge defendants will continue to try to harm the Plaintiff.

219. The Plaintiff will be filing a lawsuit against an assistant attorney general who committed a felony crime to declare him as a vexatious litigant in Austin, Texas. Plaintiff does not believe that any of the federal judges in the Western District of Texas would possibly allow the Plaintiff to put on evidence showing that this white assistant

attorney general is guilty of a felony crime. Thus, none of the judges in that division or in the Northern District (Dallas Division) or Eastern District of Texas would even consider allowing such a case to be properly heard. This is the reason why the Plaintiff have to request an injunction of all of those judges; otherwise there is no hope in bringing the suit in any fairness to the Plaintiff.

220. Plaintiff is seeking injunctive relief form this Court against not only those judges who have committed offensive and harmful things against the Plaintiff, but also those judges who have the potential to harm and damage Plaintiffs claims but for the intervention of this Court, Plaintiff has no adequate remedy at law.

221. Plaintiff likewise is seeking a permanent injunction so that the abuse of these judge defendants powers are not allowed to continue to harm the Plaintiff, and if not stopped they will continue. Judges are conspiring with other judges, or following harmful and ridiculous orders that other judges made without allowing Plaintiff a hearing on the matter, and without evidence of any kind that could be considered by a court. The Plaintiff therefore, requests that a permanent injunction be issued upon final trial.

222. The temporary restraining order should provide, as follows:

Sidney A. Fitzwater, Sam R. Cummings, John H. McBryde, Jorge Solis, Sam A. Lindsay, Barbara M. G. Lynn, David C. Godbey, Ed Kinkeade, Jane Boyle, Reed O'Connor, A. Joe Fish, Terry R. Means, Robert B. Maloney, Paul D. Stickney, Nancy M. Koenig, C. Ramirez, Jeffrey L. Cureton, Renee H. Toliver, E. Scott Frost, David L. Horan, Leonard Davis, Ron Clark, Marcia A. Crone, Rodney Gilstrap, Thad Heartfield,

Richard Schell, Michael H. Schneider, Don D. Bush, Caroline M. Craven, Keith F. Giblin, Zack Hawthorn, John D. Love, Amos L. Mazzant, K. Nicole Mitchell, Roy Payne, Martin Hoffman, Eric Moye', Carl Ginsberg, Dale Tillery, Gena Slaughter, Martin Lowy, Jim Jordan, Craig Smith, Tonya Parker, Nathan L. Hecht, Robert W. Schroeder III, Paul Green, Phil Johnson, Don R. Willett, Eva Guzman, Debra Lehrmann, Jeffrey S. Boyd, John P. Devine, Jeff Brown, Sam Sparks, Lee Yeakel, Robert L. Pitman, Harry Lee Hudspeth, James R. Nowlin, Andrew W. Austin, Christine A. Nowak, Mark Lane, Walter S. Smith, Jr., Jeffrey C. Manske, Alia M. Ludlum, Philip R. Martinez, Stuart Platt, John W. Primomo, Micaela Alvarez, Melinda Harmon, Vanessa Gilmore, Ricardo H. Hinojosa, Kenneth M. Hoyt, Lynn N. Hughes, Janis Graham Jack, Sim Lake, Nelva G. Ramos, Diana Saldana, Hilda G. Tagle, Ewing Werlein, Jr., Guilermo R. Garcia, J, Scott Hacker, Nancy K. Johnson, Jason B. Libby, Mary Milloy, Philip R. Lane, Irma C. Ramirez, William F. Sanderson, Jr., Reed Charles O'Connor, Robert K. Roach, Jeff Rose, David Puryear, Bob Pemberton, Cindy O. Bourland, Carolyn I. Wright, David L. Bridges, Molly Francis, Douglas S. Lang, Elizabeth Lang-Miers, Robert M. Fillmore, Lana Myers, David Evans, David B. Lewis, Ada Brown, Craig T. Stoddart, Melissa Goodwin, Bill Whitehill, David J. Schenck, Melissa Goodman, Scott K. Field, William Ken Tapscott Jr., Emily G. Tobolowsky, Mark Greenberg, Marvin Kent Sims, and D'Metria Benson, Carl E. Stewart, Thomas M. Reavley, Carolyn Dineen King, E. Grady Jolly, Patrick E. Higginbotham, W. Eugene Davis, Edith H. Jones, Jerry E. Smith, John M. Duhé, Jr., Jacques L. Wiener, Jr., Rhesa H. Barksdale, Emilio M. Garza, Fortunato P.

Benavides, James L. Dennis, Edith Brown Clement, Edward C. Prado, Priscilla R. Owen, Jennifer Walker Elrod, Leslie H. Southwick, Catharina Haynes, James E. Graves, Jr., Stephen A. Higginson, Gregg J. Costa, and Michael O'Neill their law clerks, agents, and representatives, and all person in active concert or participation with them, and all other person who receive actual notice of this Order, shall not hear, hold a hearing, oversee, interfere, preside over, judge, try, monitor, or consider any of the Plaintiffs causes of action for any reasons whatsoever.

223. The temporary injunction and permanent injunction should provide, as follows:

Sidney A. Fitzwater, Sam R. Cummings, John H. McBryde, Jorge Solis, Sam A. Lindsay, Barbara M. G. Lynn, David C. Godbey, Ed Kinkeade, Jane Boyle, Reed O'Connor, A. Joe Fish, Terry R. Means, Robert B. Maloney, Paul D. Stickney, Nancy M. Koenig, C. Ramirez, Jeffrey L. Cureton, Renee H. Toliver, E. Scott Frost, David L. Horan, Leonard Davis, Ron Clark, Marcia A. Crone, Rodney Gilstrap, Thad Heartfield, Richard Schell, Michael H. Schneider, Don D. Bush, Caroline M. Craven, Keith F. Giblin, Zack Hawthorn, John D. Love, Amos L. Mazzant, K. Nicole Mitchell, Roy Payne, Martin Hoffman, Eric Moye', Carl Ginsberg, Dale Tillery, Gena Slaughter, Martin Lowy, Jim Jordan, Craig Smith, Tonya Parker, Nathan L. Hecht, Robert W. Schroeder III, Paul Green, Phil Johnson, Don R. Willett, Eva Guzman, Debra Lehrmann, Jeffrey S. Boyd, John P. Devine, Jeff Brown, Sam Sparks, Lee Yeakel, Robert L. Pitman, Harry Lee Hudspeth, James R. Nowlin, Andrew W. Austin, Christine A. Nowak, Mark

Lane, Walter S. Smith, Jr., Jeffrey C. Manske, Alia M. Ludlum, Philip R. Martinez, Stuart Platt, John W. Primomo, Micaela Alvarez, Melinda Harmon, Vanessa Gilmore, Ricardo H. Hinojosa, Kenneth M. Hoyt, Lynn N. Hughes, Janis Graham Jack, Sim Lake, Nelva G. Ramos, Diana Saldana, Hilda G. Tagle, Ewing Werlein, Jr., Guilermo R. Garcia, J, Scott Hacker, Nancy K. Johnson, Jason B. Libby, Mary Milloy, Philip R. Lane, Irma C. Ramirez, William F. Sanderson, Jr., Reed Charles O'Connor, Robert K. Roach, Jeff Rose, David Puryear, Bob Pemberton, Cindy O. Bourland, Carolyn I. Wright, David L. Bridges, Molly Francis, Douglas S. Lang, Elizabeth Lang-Miers, Robert M. Fillmore, Lana Myers, David Evans, David B. Lewis, Ada Brown, Craig T. Stoddart, Melissa Goodwin, Bill Whitehill, David J. Schenck, Melissa Goodman, Scott K. Field, William Ken Tapscott Jr., Emily G. Tobolowsky, Mark Greenberg, Marvin Kent Sims, and D'Metria Benson, Carl E. Stewart, Thomas M. Reavley, Carolyn Dineen King, E. Grady Jolly, Patrick E. Higginbotham, W. Eugene Davis, Edith H. Jones, Jerry E. Smith, John M. Duhé, Jr., Jacques L. Wiener, Jr., Rhesa H. Barksdale, Emilio M. Garza, Fortunato P. Benavides, James L. Dennis, Edith Brown Clement, Edward C. Prado, Priscilla R. Owen, Jennifer Walker Elrod, Leslie H. Southwick, Catharina Haynes, James E. Graves, Jr., Stephen A. Higginson, Gregg J. Costa, and Michael O'Neill their law clerks, agents, and representatives, and all person in active concert or participation with them, and all other person who receive actual notice of this Order, shall not hear, hold a hearing, oversee, interfere, preside over, judge, try, monitor, or consider any of the Plaintiffs causes of action for any reasons whatsoever. Defendants have failed to uphold the Code of Conduct for United States Judges.

## XVII.
## ADDITIONAL JUDGES PLAINTIFF REQUESTS TO BE EXCLUDED FROM THE ABOVE LAWSUIT

Even though the Plaintiff has never been before the judges in the Western District of Texas (Austin Division) several of the judges that the Plaintiff is requesting this Court to exclude is in that division. The Plaintiff has not seen racism, unfairness, and corrupt any greater than in Travis County. The judges counsel will seek to move these judges suits to that division claiming many things, but the bottom line is that whether its removing any defendants to whatever division—the real reason is to have a judge where they know what he is going to do. In all probability the results are worked out prior to the judge ever having the case brought before them. The additional judges that the Plaintiff wishes to exclude are from hearing the above case are the following judges listed below:

Sam Sparks, Lee Yeakel, Robert L. Pitman, Harry Lee Hudspeth,
James R. Nowlin, Andrew W. Austin, Mark Lane, Philip Martinez,
David Briones, Frank Montalvo, Robert Junell, L. Stuart Platt,
John W. Primomo, and Pamela A. Mathy

Plaintiff requests for retired judge Chad Chad Everingham to preside over this suit, otherwise the Plaintiff expects to be mistreated as he has always been in this Court and other federal courts named herein.

## REMARKS

This suit is filed to combat the same unfairness that blacks in the 1950s and 1960s had to endure in the Civil Rights Movement. However, African-Americans presently can eat in a dinner, check into a hotel, and ride public transportation without the fear of having to give up our seats. Yet, the majority of "white" judges in the twenty-first century, (and most judges state and federal are white) in the state of Texas carry out their duties with bigotry and unfairness against nonwhites. It is ironic that it was federal laws that established many of the rights that are supposed to be afforded to nonwhites—unfortunately, federal judges are cruel to nonwhites and sentence nonwhites to more time in prison averagely than whites. Plaintiff had to drive 8 (eight) hours from Dallas to file his federal civil case where his pleadings were not put under a microscope, and where he is not a target. The Kan mentality is very much alive in both state and federal judges. State judges are elected thus many of them are no more than pimps for large law firms where they work with defense attorneys against "plaintiffs" especially if they happen to be nonwhite and pro-se like Judge Hoffman, Tapscott, and many other judges in Texas. These judges know that they can do just about anything and there is no help for those that they abuse, not from state or federal authorities, nor the courts. Federal judges oftentimes protect Klan certified state judges, because they are judges, regardless of whether or not they are abusive to nonwhites. The abuse that comes from judges who believe that they are untouchable is pure extract racism that flows in their veins, and in the heat from their body like sweat. Many of the federal judges cited in this lawsuit has refused to allow the Plaintiff a hearing, and condemn him without a trial or hearing in many of his civil cases based on some other racist misinformed federal judges opinions or orders, and the Plaintiff has had his fill of this type of hoodlum type of alleged justice—and files this lawsuit for his protection as a citizen of the United States of America. This is Plaintiff's Selma!

## XVIII.
## DAMAGES

224. As a direct and proximate result of the judge defendants' conduct, Plaintiff suffered severe damages, loss of benefits and is continuing to suffer damages. Many of the judge defendants discriminated against plaintiff. Plaintiff has incurred expenses in seeking relief from the judge defendant's willful and intentional behavior of discrimination and defamation, thus the Plaintiff is seeking a temporary and a permanent injunction against all of the judge defendants named herein, by enjoining each and everyone of these defendant judges from ever presiding over any cases, which the Plaintiff may be a party to in any fashion or form.

225. Many of the judges have misused their positions, conspired with defense counsel against the Plaintiff, made rulings and orders against the Plaintiff without having sufficient proof and without allowing the Plaintiff a hearing on the matters, and those judges that have assisted defense counsel to obstruct justice, had knowledge of criminal acts that the defense committed or were involved with and several of these judge defendants ignored the crime or the defense involvement, and or ignored criminal acts by parties of the suit, or was aware of potential criminal activity by a party and assisted the party or parties by blocking the evidence that the Plaintiff sought to be filed into the courts record by refusing to act on Plaintiffs motion to have evidence filed into the courts record or blocking such evidence, refusing to make defendants product evidence, names of guilty parties when that evidence or party, or parties were available and:

- Attorneys' fees for preparation and trial;
- Attorneys' fees if there is to be an appeal to the Court of Appeals;

## XIX.
## PARYER FOR RELIEF

226. Wherefore, Plaintiff prays for a judgment against Defendants and each of them as follows:

1. Special damages for Plaintiff Eric Drake in an amount to be determined at trial;
2. Upon hearing, a temporary injunction;
3. Upon final hearing, a permanent injunction, damages, as set forth; and
4. For such other and further relief as the court deems just and proper.

Respectfully submitted,

Eric Drake
PO Box 833688
Richardson, Texas 75083
214-477-9288